The next case to call is Peoples v. Williams The question in this case is whether the circuit court applied the proper standards in dismissing Mr. Williams' post-conviction petition. The question is not whether the allegations in the petition are in fact meritorious, it's simply whether he made a substantial showing of a constitutional violation. The question of the merits of the arguments, that's a question for the third stage of the post-conviction petition process, the evidentiating stage. Now in his petition, Mr. Williams alleged that the prosecution deliberately withheld some photographs that would have exonerated Mr. Williams had counsel used those photographs to properly cross-examine the state's witnesses. Again, the sole question was whether he made a substantial showing that his constitutional rights were violated, and that he's entitled to an evidentiary hearing. At the evidentiary hearing is when the witnesses would be called and all factual determinations are made. Before we get to the evidentiary hearing, all that the judge could do at this stage was accept all well-concluded facts and accompanying affidavits as true. The court should not determine at this stage whether Williams suffered a violation of his constitutional rights, but only whether after taking all of these facts as true, he'd made a substantial showing. Now here, the circuit court examined the photographs, he looked at them and he said, you know what, these don't exonerate you. How could he make that choice, or how could he make that decision in this case? To make that decision is a factual determination. He needed outside evidence. He needed evidence that the witnesses said X, Y, and Z, and the evidence showed A, B, and C. Or he needed some other kind of proof to evaluate whether the photos actually said what Mr. Williams claimed that they said. You can only get that proof at the third stage, not at the second stage. That's why it was error to dismiss the post-conviction petition at this stage. The witnesses at trial didn't say, I was standing in this place in photograph A and I saw this. They didn't testify. There was nothing about that because counsel didn't use the photographs to impeach the witnesses. And the judge could not make that decision at this stage of the case. We're asking that your honors revand the court for further post-conviction. Other questions? Thank you. I think so. Thank you, counsel. Counsel? May it please the court. David Sanchez on behalf of the people. This is a case about whether a court may review the evidence attached to a petition for post-conviction relief to determine whether a defendant has made a substantial showing of a constitutional violation. If the answer to that question is yes, then this court must affirm the defendant's conviction for first degree murder. An issue in this case is a claim of actual innocence, which was raised on a successive petition for post-conviction relief. To make a substantial showing that he was actually innocent of first degree murder, the defendant attached a number of photos that he obtained that had not been admitted into evidence at his trial. These photos failed to substantially show that he was actually innocent. A post-conviction petition dismissal was warranted at the second stage, only when the allegations of fact liberally could construe in favor of the petitioner and in light of the original trial record failed to make a substantial showing of a constitutional violation. Now, this actual innocence claim failed in this regard because it was not based on newly discovered evidence. It was not evidence that was material and non-cumulative, and it was not of such conclusive character that it would have resulted in a different outcome if it had been presented at a new trial. Now, where is the line between that second stage reviewing something presented by the defendant to make a substantial showing versus reviewing that same material at a third stage proceeding, making the determination as to the ultimate questions that are involved in a third stage evidentiary hearing? Well, in this case, it does raise an interesting question because I don't know what a third stage evidentiary hearing would show that the second stage hearing didn't already establish. And that's the reason I ask because the circuit judge at the second stage doesn't know either. But there has to be a review of what's submitted, everything that's submitted, in order to make a determination as to substantial showing. And I'm trying to determine, I'm asking where that line is, what is the differentiation between the two. Well, it's only a question of law at the second stage. The defendant presents this petition, and I guess the question for the court is, is this petition well pleaded? And he looks at the allegations that are contained thereon, and then he looks at the evidence, evidence that is attached to that petition to determine whether that evidence makes a Here the allegations made are, I didn't do this, I didn't commit first degree murder, and here these photos show that. I don't think that we have to necessarily parse out a line where, in this case particularly, where the photos are so non-probative of what the defendant is saying that they prove. I think that, you know, the defendant has to make, like I said, substantial showing. Where he attaches photos that don't make that showing, I don't see why third stage evidentiary proceedings would be necessary or warranted. Well, are you taking the position, I'm trying to clarify your position in this question, are you taking the position that taking the most favorable to the movement, the defendant, it doesn't make a substantial showing, or are you saying they're totally irrelevant and of no consequence in a determination of substantial showing? I'm saying that even if we take everything that the defendant presents in support of this petition as true, even if these photos, whatever they depict, are actually depicting what they depict, that they wouldn't in any way show that the defendant was actually innocent. They were cumulative photos. They were pictures of the crime scene. Crime scene photos had already been admitted into evidence. And this court can review those photos and review the photos that were admitted into evidence. And I think this court will come to the same conclusion that the circuit court came to, that these photos are merely cumulative photos, photos of the crime scene. Also, photos of the autopsy were also presented. But the autopsy photos were already admitted into evidence. And there was a coroner's report documenting the findings of the autopsy, which was presented to the jury. So I don't really know how these photos make a substantial showing of a constitutional violation. And, therefore, I don't think that the court erred when it dismissed the defendant's petition at the second stage. Nothing presented at the evidentiary hearing would have established that these photos. Do you agree the trial court made findings of fact? No, I think it was a legal determination based on the pleading. He looked at the four corners of that petition, and he reviewed the evidence in support of it. And I don't think that is a finding of fact. I don't think that there was a factual dispute at issue. I don't think the state was saying that these photos don't depict the crime scene, these photos don't depict the autopsy. I think the state's position was these photos are corroborative of the evidence that was presented at a trial. If anything, they prove the defendant's guilt all over again at this proceeding. So I don't see why a third stage evidentiary hearing would be necessary or warranted under these circumstances. I can imagine a case in which the photos depicted something different or a smoking gun or something that should have been introduced at a trial. But what these photos depicted were just, like I said, photos that had either already been admitted into evidence and, therefore, were not relative or simply cumulative, or they were photos that had been objected to, you know, they depicted blood. And since there were already photos admitted into evidence that depicted blood, we didn't need to present too many of the photos depicting the same thing. And in any event, they were made available to the defendant prior to this trial. I think it was a year prior to this trial. In an answer to the defendant's motion for discovery, the state said it had photos in its possession, some of which may be introduced at trial. If the defendant wanted to see these photos and prepare his defense, he was welcome to. And so, therefore, whether the defendant did that, I'm not – the record isn't clear. But I think the standard is for newly discovered evidence, which is the type of evidence that must be in support of a claim of actual innocence, is that it was unavailable at trial and could not have been discovered for due diligence. Here, the record does support the idea that had the defendant exercised due diligence, he would have had access to these photos. Like I said, because they were merely cumulative, they weren't of a conclusive character in the sense that they would have changed the result of a new trial. If anything, they would have led to a second conviction. And if there are no further questions of the court or if I didn't – if I wasn't clear in one of my answers, I'd be happy to clarify that at this point. Thank you very much, counsel. People respectfully request that this court confirm the dismissal of the defendant's petition for post-conviction. Thank you. Counsel? The evidence at trial was solely eyewitness testimony. The witnesses said, I was in the living room and I saw this, that, and the other thing happened. The photographs – the only person that testified about the photographs was the crime scene investigator. None of the witnesses said, here's a picture of the living room and here's where I was. I don't remember all of the photographs, but I distinctly remember one photograph. You're kind of looking in through the front door and there's a big staircase blocking the view to half the living room. Now, some of the witnesses said, well, I saw him at the door. What the defendant is saying is that these pictures – if you look at this picture, the person where they claimed they were standing could not have seen him standing at the door. And picture A proves that. The court at the post-conviction petition hearing could not have made that determination because we didn't have the witnesses' testimony. He just sees a picture of a door and a staircase and half of a living room. It doesn't mean anything without the evidentiary hearing and it doesn't mean anything without the witnesses' testimony or without some evidence about what the witnesses claimed they saw. The state says that the photos didn't make a showing. They don't by themselves. That's why you needed the evidentiary hearing. Taken as true, the defendant says the photographs did not show what the witnesses say they show. The judge has to take that statement as true at the second stage and then at the third stage we can prove whether or not they actually showed what the witnesses said. But you can't make that factual determination at the second stage and that's where the court erred. Are there any other questions? Thank you. I don't think so. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take the case under advisement. There are no further oral arguments scheduled before the court so we're adjourned. All rise.